Exhibit A

## NATIONAL REGISTERED AGENTS, INC.

### SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To:  Naresh Shah, Senior Payroll Tax Specialist
Hospitality Staffing Solutions
100 Glenridge Point Pkwy Ste 400
Atlanta, GA 30342-1443

SOP Transmittal #  **531763592**

213-337-4615 - Telephone

Entity Served:  HOSPITALITY STAFFING SOLUTIONS, LLC  (Domestic State: DELAWARE)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate in the State of CALIFORNIA on this 15 day of August, 2017. The following is a summary of the document(s) received:

1. **Title of Action:**  BRENDA ARGUELLES, individually and on behalf of all other similarly situated, etc.,
Pltf. vs. HOSPITALITY STAFFING SOLUTIONS, LLC, etc., et al., Dfts.

2. **Document(s) Served:**  Other: Summons, Complaint, Coversheet, Instructions, Stipulation,

3. **Court of Jurisdiction/Case Number:** San Diego County - Superior Court - San Diego, CA
Case # 37201700029158CUOECTL

4. **Amount Claimed, if any:**  N/A

5. **Method of Service:**

   _X_ Personally served by:     _X_ Process Server     ___ Law Enforcement     ___ Deputy Sheriff     ___ U. S Marshall

   ___ Delivered Via:     ___ Certified Mail     ___ Regular Mail     ___ Facsimile

   ___ Other (Explain):

6. **Date and Time of Receipt:**  08/15/2017 02:42:00 PM CST

7. **Appearance/Answer Date:**  Within 30 days after service

8. **Received From:**     Farzad Rastegar
RASTEGAR LAW GROUP, A.P.C.
22760 Hawthorne Boulevard, Suite 200
Torrance, CA 90505
310-961-9600

9. **Carrier Airbill #** 1ZY041160196382467

10. **Call Made to:** Not required

11. **Special Comments:**
SOP Papers with Transmittal, via  UPS Next Day Air

Image SOP

Email Notification,  Naresh Shah  nshah@hssstaffing.com

Email Notification,  Jim Williamson  jwilliamson@hssstaffing.com

**NATIONAL REGISTERED AGENTS, INC.**                    **CopiesTo:**

Transmitted by   Amanda Garcia

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc. for informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ORIGINAL

8/15/17
2:42

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

HOSPITALITY STAFFING SOLUTIONS, LLC; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

BRENDA ARGUELLES, individually, and on behalf of all other similarly situated current and former employees of Defendants

<div style="border:1px solid">
FOR COURT USE ONLY<br>
*(SOLO PARA USO DE LA CORTE)*<br><br>
<b>ELECTRONICALLY FILED</b><br>
Superior Court of California,<br>
County of San Diego<br>
<b>08/08/2017</b> at 12:08:34 PM<br>
Clerk of the Superior Court<br>
By Laura Melles, Deputy Clerk
</div>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* San Diego Superior Court<br>330 West Broadway, San Diego, California 92101 | **CASE NUMBER:**<br>*(Número del Caso):* 37-2017-00029158-CU-OE-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

| | | | |
|---|---|---|---|
| DATE: 08/09/2017<br>*(Fecha)* | | Clerk, by _L. Melles_<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Hospitality staffing solutions, LLC
   under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

EXHIBIT A - PAGE 14

Farzad Rastegar (State Bar #155555)
farzad@rastegarlawgroup.com
**RASTEGAR LAW GROUP, A.P.C.**
22760 Hawthorne Boulevard, Suite 200
Torrance, California 90505
Tel. (310) 961-9600
Fax. (310) 961-9094

Attorneys for Plaintiff Brenda Arguelles,
Individually, and on behalf of all other similarly situated
Current and former employees of Defendants

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**08/08/2017** at 12:08:34 PM
Clerk of the Superior Court
By Laura Melles, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

BRENDA ARGUELLES, individually, and on behalf of all other similarly situated current and former employees of Defendants

Plaintiff,

vs.

HOSPITALITY STAFFING SOLUTIONS, LLC; and DOES 1 through 50, inclusive,

Defendants.

CASE NO.: 37-2017-00029168-CU-OE-CTL

### CLASS ACTION COMPLAINT FOR:

1. Failure to Provide Meal Periods

2. Failure to Provide Rest Periods

3. Failure to pay minimum and straight time wages;

4. Failure to pay overtime compensation;

5. Failure to timely pay wages upon termination of employment;

6. Failure to provide accurate statements and maintain required records;

7. Unfair Business Practices [Cal. Bus. & Prof. Code §§ 17200, et seq.]; and

8. Representative Action for Civil Penalties pursuant to the Private Attorneys General Act [Cal. Lab. Code §§ 2698-2699.5]

**DEMAND FOR JURY TRIAL**

COMPLAINT

EXHIBIT A - PAGE 15

Plaintiff Brenda Arguelles ("Plaintiff"), on behalf of herself and all other similarly situated current and former employees of Hospitality Staffing Solutions, complains and alleges as follows:

## INTRODUCTION & GENERAL ALLEGATIONS

1.     Plaintiff brings this action against Hospitality Staffing Solutions, and DOES 1 through 50 (hereinafter also collectively referred to as "DEFENDANTS") for California Labor Code violations stemming from DEFENDANTS' failure to provide all timely meal and rest period, failure to pay for all hours worked, including minimum wage, straight time, and overtime pay, failure to timely pay all wages to terminated employees, and failure to furnish accurate statements and maintain required records, in accordance with California Labor Code §§ 201-204, 226, 226.7, 510, 512, 1174, 1174.5, 1194, 1194.1, 1197, and Industrial Welfare Commission ("IWC") Order No. 5-2001.

2.     Plaintiff brings the First through Seventh Causes of Action individually and as a class action on behalf of himself and certain current and former employees of DEFENDANTS (hereinafter collectively referred to as "PLAINTIFFS" or "the Class," and defined more fully below).

3.     Plaintiff brings the Eighth Cause of Action as a representative action under the California Private Attorney General Act ("PAGA") to recover civil penalties that are owed to the State of California and past and present employees of DEFENDANTS.

4.     PLAINTIFFS or the Class are current and former non-exempt employees of DEFENDANTS that worked for DEFENDANTS in the State of California, for a period of time within the four (4) years preceding the filing of this action.

5.     Plaintiff Brenda Arguelles is a resident of California, County of San Diego.  At all relevant times herein, Plaintiff was employed by DEFENDANTS in the State of California as a non-exempt, hourly employee.

6.     Throughout the time period involved in this case, DEFENDANTS have wrongfully failed to provide Plaintiff and the Class with timely, adequate, and duty-free meal

EXHIBIT A - PAGE 16

1    periods, by way of specific classwide company policies and practices, including, but not

2    limited to, their shift and meal period scheduling policies and practices, and the lack of express

3    meal period policies.  DEFENDANTS regularly required Plaintiff and the Class to work in

4    excess of five consecutive hours a day without providing a 30-minute, continuous and

5    uninterrupted, meal period for every five hours of work, or without compensating Plaintiff and

6    the Class for meal periods that were not provided by the end of the fifth hour of work or tenth

7    hour of work. DEFENDANTS did not inform Plaintiff and the Class of their right to take a

8    meal period by the end of the fifth hour of work.  DEFENDANTS did not inform Plaintiff and

9    the Class of their right to take a second meal break for shifts longer than 10 hours.

10   DEFENDANTS did not inform Plaintiff and the Class of their right, for shifts of more than 10

11   hours, to take a second meal break by the end of the 10th hour.  Moreover, DEFENDANTS did

12   not have legally compliant policies or practices providing adequate and duty-free meal periods

13   for Plaintiff and the Class, nor did DEFENDANTS have legally compliant policies or practices

14   regarding the timing of meal periods.  DEFENDANTS also did not have any policies or

15   practices to record whether the Plaintiff and the Class were taking their required meal periods

16   as required by IWC Wage Order No. 5-2001 (7).  Indeed, DEFENDANTS instituted a policy

17   of auto-deducting a 30 minute lunch break without providing or recording that a lunch had

18   actually been taken.

19          7.      Throughout the time period involved in this case, DEFENDANTS have

20   wrongfully failed to authorize and permit Plaintiff and the Class to take timely and duty-free

21   rest periods.  DEFENDANTS regularly required Plaintiff and the Class to work in excess of

22   four consecutive hours a day without DEFENDANTS authorizing and permitting them to take

23   a 10 minute, continuous and uninterrupted, rest period for every four hours of work (or major

24   fraction of four hours), or without compensating Plaintiff and the Class for rest periods that

25   were not authorized or permitted.  DEFENDANTS did not properly inform Plaintiff and the

26   Class of their right to take a rest period every four hours of work (or major fraction of four

27   hours).  Moreover, DEFENDANTS did not have legally compliant policies or practices

28

<div align="center">

Page 2

**COMPLAINT**

</div>

1  permitting or authorizing timely rest periods for Plaintiff and the Class. DEFENDANTS also

2  did not have any policies or practices to verify whether Plaintiff and the Class were receiving

3  their required rest periods.

4      8.    Throughout the time period involved in this case, DEFENDANTS maintained a

5  policy and practice of prioritizing customer needs over accurate payment of wages to the Class

6  by requiring Plaintiff and the Class to perform work "off-the-clock" that was not compensated.

7  This "off-the-clock" work regularly occurred, among other things, as a result of hours worked

8  while "off-the-clock" during an interrupted meal period, as well as DEFENDANTS' policies

9  discouraging overtime work, and requiring Plaintiff and the Class to work "off-the-clock" in

10  order to complete duties without incurring overtime. DEFENDANTS did not pay Plaintiff and

11  the Class for this work time, and some of this time should have been paid at the overtime rate

12  of pay because Plaintiff and the Class worked shifts longer than 8 hours in a day.

13      9.    DEFENDANTS willfully failed and refused to timely pay Plaintiff and the Class

14  at the conclusion of their employment for the aforementioned "off-the-clock" work. As a

15  result, DEFENDANTS violated California Labor Code §§ 201-203.

16      10.    DEFENDANTS, as a matter of practice and policy, did not furnish Plaintiff and

17  the Class with accurate itemized wage statement that accurately show total hours worked by

18  Plaintiff and the Class, gross wages earned, net wages earned, and other information required

19  by Labor Code § 226(a). DEFENDANTS knowingly and intentionally failed to do so because,

20  among other things, the wages statements did not accurately state the total hours worked, the

21  overtime rates, the gross wages earned, and the net wages earned. As a result of these

22  violations of Section 226(a), the Plaintiff and the Class suffered injury because, among other

23  things: (a) the violations led them to believe that they were not entitled to be paid daily

24  minimum wages, overtime wages, meal period premium wages, and rest period premium

25  wages, even though they were entitled; (b) the violations led them to believe that they had been

26  paid the minimum, overtime, meal period premium, and rest period premium wages to which

27  they were entitled, even though they had not been; (c) the violations led them to believe they

28

Page 3

COMPLAINT

1  were not entitled to be paid minimum, overtime, meal period premium, and rest period

2  premium wages at the correct California rate even though they were; (d) the violations led

3  them to believe they had been paid minimum, overtime, meal period premium, and rest period

4  premium wages at the correct California rate even though they had not been; (e) the violations

5  hindered them from determining the amounts of minimum, overtime, meal period premium,

6  and rest period premium wages owed to them; (f) in connection with their employment before

7  and during this action, and in connection with prosecuting this action, the violations caused

8  them to have to perform mathematical computations to determine the amounts of wages owed

9  to them, computations they would not have to make if the wage statements contained the

10  required accurate information; (g) by understating the wages truly due them, the violations

11  caused them to lose entitlement and/or accrual of the full amount of Social Security, disability,

12  unemployment, and other governmental benefits; (h) the wage statements inaccurately

13  understated the wages, hours, and wages rates to which Plaintiff and the Class were entitled,

14  and Plaintiffs and the Class were paid less than the wages and wage rates to which they were

15  entitled.  Thus, Plaintiff and the Class are owed the amounts provided for in Labor Code §

16  226(e).

17  **THE PARTIES TO EACH CAUSE OF ACTION**

18  **A.    Plaintiff**

19       11.    Plaintiff Brenda Arguelles resides in the State of California, County of San

20  Diego.  DEFENDANTS have employed Plaintiff as a housekeeper from their staffing agency

21  office on 3443 Camino del Rio S., #208, San Diego, California 92108 since around July 2014.

22  DEFENDANTS have assigned Plaintiff for work as a housekeeper to various hotels, including

23  but limited to, Days Inn, Homewood Suites, Courtyard by Marriott, and Homewood Suites and

24  Hilton Garden.

25       12.    Plaintiff reserves the right to seek leave to amend this complaint to add new

26  plaintiffs, if necessary, in order to establish suitable representative(s) pursuant to *La Sala v.*

27  *American Savings and Loan Association* (1971) 5 Cal.3d 864, 872, and other applicable law.

28

Page 4
COMPLAINT

**B.    Defendants**

13.    Plaintiff is informed and believes, and based upon that information and belief alleges, that DEFENDANTS are all corporations authorized to conduct business, and actually conducting business, in the State of California, County of Orange. DEFENDANTS were the employers of Plaintiff and the current and/or former employer of the putative Class.

14.    Plaintiff does not know the true names or capacities of the persons or entities sued herein as DOES 1-50, inclusive, and therefore sues said DEFENDANTS by such fictitious names. Each of the DOE Defendants was in some manner legally responsible for the damages suffered by Plaintiff and the Class as alleged herein. Plaintiff will amend this complaint to set forth the true names and capacities of these Defendants when they have been ascertained, together with appropriate charging allegations, as may be necessary.

15.    At all times mentioned herein, the Defendants named as DOES 1-50, inclusive, and each of them, were residents of, doing business in, availed themselves of the jurisdiction of, and/or injured a significant number of the Plaintiffs and the Class in the State of California.

16.    Plaintiff is informed and believes and thereon alleges that at all relevant times each Defendant, directly or indirectly, or through agents or other persons, employed Plaintiff and the other employees described in the class definitions below, and exercised control over their wages, hours, and working conditions. Plaintiff is informed and believes and thereon alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, that each Defendant knew or should have known about, and authorized, ratified, adopted, approved, controlled, or aided and abetted the conduct of all other Defendants.

**CLASS ACTION ALLEGATIONS**

17.    Plaintiff brings this action individually, as well as on behalf of each and all other persons similarly situated, and thus, seeks class certification under California Code of Civil Procedure § 382.

18.    All claims alleged herein arise under California law for which PLAINTIFFS seek relief authorized by California law.

EXHIBIT A - PAGE 20

19.   The proposed Class consists of and is defined as:

All persons employed by Defendants to work in any hourly paid, non-exempt job position for Hospitality Staffing Solutions, LLC as either a temporary or permanent employee, in California at any time during the period beginning four years before the filing of the initial complaint in this action and ending when notice to the Class is sent.  For purposes of this definition, "DEFENDANTS" means Hospitality Staffing Solutions, LLC and any of the fictitiously named defendants (Does 1 through 50), which may include the corporate and individual owners and operators of the hotels to which Plaintiff and the Class were assigned by Defendant Hospitality Staffing Solutions, LLC.  Plaintiff reserves the right to amend this complaint once the identity of any unknown Doe defendants becomes available to Plaintiff.

20.   Plaintiff reserves the right to establish other sub-classes as appropriate.

21.   At all material times, Plaintiff was a member of the Class.

22.   Plaintiff undertakes this action for the benefit of all Class members.

23.   There is a well-defined community of interest in the litigation and the Class is readily ascertainable:

(a)   Numerosity:  The members of the Class (and each subclass, if any) are so numerous that joinder of all members would be unfeasible and impractical.  The membership of the entire Class is unknown to Plaintiff at this time, however, the Class is estimated to be greater than 100 individuals and the identity of such membership is readily ascertainable by inspection of Defendants' records.

(b)   Typicality:  Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class member with whom there is a shared, well-defined community of interest, and Plaintiff's claims (or defenses, if any) are typical of all Class members' claims as demonstrated herein.

(c)   Adequacy:  Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class member with whom there is a shared, well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiff has no conflicts with or interests

Page 6
COMPLAINT

1   antagonistic to any Class member.  Plaintiff's attorneys, the proposed

2   class counsel, are versed in the rules governing class action discovery,

3   certification, and settlement.  Plaintiff has incurred, and throughout the

4   duration of this action, will continue to incur costs and attorneys' fees

5   that have been, are, and will be necessarily expended for the prosecution

6   of this action for the substantial benefit of each class member.

7   (d)    Superiority:  A Class Action is superior to other available methods for

8   the fair and efficient adjudication of the controversy, including

9   consideration of:

10        1)    The interests of the members of the Class in individually

11              controlling the prosecution or defense of separate actions;

12        2)    The extent and nature of any litigation concerning the

13              controversy already commenced by or against members of the

14              Class;

15        3)    The desirability or undesirability of concentrating the litigation of

16              the claims in the particular forum; and

17        4)    The difficulties likely to be encountered in the management of a

18              class action.

19  (e)    Public Policy Considerations:  Employers in the State of California

20   violate employment and labor laws every day.  Current employees are

21   often afraid to assert their rights out of fear of direct or indirect

22   retaliation.  Former employees are fearful of bringing actions because

23   they believe their former employers might damage their future endeavors

24   through negative references and/or other means.  Class actions provide

25   the class members who are not named in the complaint with a type of

26   anonymity that allows for the vindication of their rights at the same time

27   as their privacy is protected.

28

Page 7

COMPLAINT

EXHIBIT A - PAGE 22

24.     There are common questions of law and fact as to the Class (and each subclass, if any) that predominate over questions affecting only individual members, including without limitation, whether, as alleged herein, DEFENDANTS have:

      (a)     Failed to provide meal periods and pay meal period premium wages to Class members;

      (b)     Failed to authorize and permit rest periods and pay rest period premium wages to Class members;

      (c)     Failed to pay Class members for all hours worked, including minimum wages, straight time wages, and overtime wages;

      (d)     Failed to promptly pay all wages due to Class members upon their discharge or resignation;

      (e)     Failed to provide Class members with accurate wages statements;

25.     This Court should permit this action to be maintained as a class action pursuant to California Code Of Civil Procedure § 382 because:

      (a)     The questions of law and fact common to the Class predominate over any question affecting only individual members;

      (b)     A class action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the Class;

      (c)     The members of the Class are so numerous that it is impractical to bring all members of the class before the Court;

      (d)     Plaintiffs, and the other members of the Class, will not be able to obtain effective and economic legal redress unless the action is maintained as a class action;

      (e)     There is a community of interest in obtaining appropriate legal and equitable relief for the statutory violations, and in obtaining adequate compensation for the damages and injuries for which DEFENDANTS are responsible in an amount sufficient to adequately compensate the

EXHIBIT A - PAGE 23

1    members of the Class for the injuries sustained;

2    (f)    Without class certification, the prosecution of separate actions by

3    individual members of the class would create a risk of:

4    1)    Inconsistent or varying adjudications with respect to individual

5    members of the Class which would establish incompatible

6    standards of conduct for DEFENDANTS; and/or

7    2)    Adjudications with respect to the individual members which

8    would, as a practical matter, be dispositive of the interests of

9    other members not parties to the adjudications, or would

10    substantially impair or impede their ability to protect their

11    interests, including but not limited to the potential for exhausting

12    the funds available from those parties who are, or may be,

13    responsible DEFENDANTS; and,

14    (g)    DEFENDANTS have acted or refused to act on grounds generally

15    applicable to the Class, thereby making final injunctive relief appropriate

16    with respect to the class as a whole.

17    26.    Plaintiff contemplates the eventual issuance of notice to the proposed members

18    of the Class that would set forth the subject and nature of the instant action. The

19    DEFENDANTS' own business records may be utilized for assistance in the preparation and

20    issuance of the contemplated notices. To the extent that any further notices may be required,

21    Plaintiff would contemplate the use of additional techniques and forms commonly used in class

22    actions, such as published notice, e-mail notice, website notice, first-class mail, or

23    combinations thereof, or by other methods suitable to the Class and deemed necessary and/or

24    appropriate by the Court.

25    **FIRST CAUSE OF ACTION**
**(Against All Defendants for Failure to Provide Meal Periods)**

26    **[Cal. Lab. Code §§ 226.7, 512, and IWC Wage Order No. 5-2001]**

27    27.    Plaintiff incorporates by reference and re-alleges as if fully stated herein the

28

Page 9

COMPLAINT

1    material allegations set out in this Complaint.

2        28.    Under California law, DEFENDANTS have an affirmative obligation to relieve

3    the Plaintiff and the Class of all duty in order to take their first daily meal periods no later than

4    fifth hour of work in a workday, and to take their second meal periods no later than the tenth

5    hour of work in the workday.

6        29.    Despite these legal requirements, DEFENDANTS regularly failed to provide

7    Plaintiff and the Class with both meal periods as required by California law.

8        30.    Under California law, Plaintiff and the Class are entitled to be paid one hour of

9    additional wages for each instance he or she was not provided with all required meal period(s).

10       31.    DEFENDANTS regularly failed to pay Plaintiff and the Class the additional

11    wages to which they were entitled for meal periods and that were not provided.

12       32.    As a result, DEFENDANTS are liable to Plaintiff and the Class for one hour of

13    additional wages for each work day for a meal period that was not provided.

14       33.    By failing to keep adequate time records required by Labor Code § 1174(d),

15    DEFENDANTS have made it difficult to calculate the full extent of meal period premium

16    wage compensation due to Plaintiff and the Class Members.

17       34.    California Labor Code section 204 requires employers to provide employees

18    with all wages due and payable twice a month.  Throughout the statute of limitations period

19    applicable to this cause of action, Plaintiff and the Class were entitled to be paid twice a month

20    at rates required by law, including meal period premium wages for each meal period that was

21    not provided.  However, during all such times, DEFENDANTS systematically failed and

22    refused to pay Plaintiff and the Class all such wages due, and failed to pay those wages twice a

23    month.

24       35.    DEFENDANTS are also liable to Plaintiff and the Class for the civil penalties

25    provided for in Labor Code § 558 because of the violations alleged in this cause of action.

26    ///

27    ///

28

COMPLAINT

## SECOND CAUSE OF ACTION
### (Against All Defendants for Failure to Provide Rest Periods)
[Cal. Lab. Code §§ 226.7, and IWC Wage Order No. 5-2001]

36.     Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in this Complaint.

37.     DEFENDANTS are required by California law to authorize and permit breaks of an uninterrupted, net 10-minutes for each four hours of work or major fraction of four hours (i.e. more than two hours).  That is, the required number of rest breaks is equal to the number of work hours divided by four, and if the work time is not evenly divided by four, if the remaining fractional part is two hours or less it is rounded down, and if it is more than two hours, it is rounded up.  Thus, for example, if an employee's work time is 6 hours and ten minutes, the employee is entitled to two rest breaks.  If the work time is nine hours, the employee is still entitled to only two rest breaks.  Each failure to authorize rest breaks as so required is itself a violation of California's rest break laws.

38.     Despite these legal requirements, DEFENDANTS failed to authorize Plaintiff and the Class to take all timely, net, 10-minute rest breaks owed to them, regardless of whether employees worked more than 4 hours in a workday.

39.     Under California law, Plaintiff and the Class are entitled to be paid one hour of premium wages rate for each instance he or she was not provided with all required rest break(s).

40.     DEFENDANTS regularly failed to pay Plaintiff and the Class the additional wages to which they were entitled for rest breaks DEFENDANTS failed authorize and permit.  As a result, DEFENDANTS are liable to Plaintiff and the Class for one hour of additional wages for each work day when they did not receive a rest break.

41.     California Labor Code section 204 requires employers to provide employees with all wages due and payable twice a month.  Throughout the statute of limitations period applicable to this cause of action, Plaintiff and the Class were entitled to be paid twice a month at rates required by law, including rest break premium wages for each rest break that was not authorized and permitted.  However, during all such times, DEFENDANTS systematically

Page 11
COMPLAINT

1    failed and refused to pay Plaintiff and the Class all such wages due, and failed to pay those

2    wages twice a month.

3        42.    DEFENDANTS are also liable to Plaintiff and the Class for the civil penalties

4    provided for in Labor Code § 558 because of the violations alleged in this cause of action.

5                            **THIRD CAUSE OF ACTION**

6    **(Against all Defendants for Failure to Pay Minimum Wage and Straight Time Wages)**
     **[Cal. Lab. Code §§204 and 1194, and IWC Wage Order No. 5-2001]**

7        43.    Plaintiff incorporates by reference and re-alleges as if fully stated herein the

8    material allegations set out in this Complaint.

9        44.    "Hours worked" is the time during which an employee is subject to the control

10   of an employer, and includes all the time the employee is suffered or permitted to work,

11   whether or not required to do so.

12       45.    At all relevant times herein mentioned, DEFENDANTS knowingly failed to pay

13   to Plaintiff and the other members of the Class compensation for all hours they worked.

14       46.    Accordingly, Plaintiff and the other members of the Class are entitled to recover

15   straight time wages for all non-overtime hours worked for DEFENDANTS.

16       47.    By and through the conduct described above, the Plaintiff and the other

17   members of the Class, have been deprived of their rights to be paid wages earned by virtue of

18   their employment with DEFENDANTS.

19       48.    By virtue of the DEFENDANTS' unlawful failure to pay additional

20   compensation to the Class for their non-overtime hours worked without pay, the Class has

21   suffered, and will continue to suffer, damages in amounts which are presently unknown to the

22   Class, but which exceed the jurisdictional minimum of this Court, and which will be

23   ascertained according to proof at trial.

24       49.    By failing to keep adequate time records required by Labor Code § 1174(d),

25   DEFENDANTS have made it difficult to calculate the full extent of compensation due Plaintiff

26   and the Class Members.

27       50.    Pursuant to California Labor Code section 1194.2, Plaintiff and the Class are

28

1  entitled to recover liquidated damages (double damages) for DEFENDANTS' failure to pay

2  minimum wages.

3      51.    California Labor Code section 204 requires employers to provide employees

4  with all wages due and payable twice a month.  Throughout the statute of limitations period

5  applicable to this cause of action, Plaintiff and the Class members were entitled to be paid

6  twice a month at rates required by law, including minimum wages and straight time wages.

7  However, during all such times, DEFENDANTS systematically failed and refused to pay

8  Plaintiff and the Class members all such wages due, and failed to pay those wages twice a

9  month.

10      52.    Plaintiff and the Class are also entitled to seek recovery of all unpaid wages,

11  interest, and reasonable attorneys' fees and costs pursuant to Cal. Labor Code §§ 218.5 and

12  218.6.

13      53.    DEFENDANTS are also liable to the Class for the civil penalties provided for in

14  Labor Code § 558, because of the violations alleged in this cause of action.

15  <div align="center">**FOURTH CAUSE OF ACTION**
**(Against all Defendants for Failure to Pay Overtime Wages)**
**[Cal. Lab. Code §§ 510, 1194 and 1198 and IWC Wage Order No. 5-2001]**</div>

16

17      54.    Plaintiff incorporates by reference and re-alleges as if fully stated herein the

18  material allegations set out in this Complaint.

19      55.    California Labor Code § 510 provides that employees in California shall not be

20  employed more than eight (8) hours in any workday or forty (40) hours in a workweek unless

21  they receive additional compensation beyond their regular wages in amounts specified by law.

22      56.    California Labor Code §§ 1194 and 1198 provide that employees in California

23  shall not be employed more than eight hours in any workday unless they receive additional

24  compensation beyond their regular wages in amounts specified by law.  Additionally,

25  California Labor Code § 1198 states that the employment of an employee for longer hours than

26  those fixed by the Industrial Welfare Commission is unlawful.

27      57.    At all times relevant hereto, Plaintiff and the members of the Class have worked

28

<div align="center">Page 13
COMPLAINT</div>

1   more than eight, and at times more than twelve, hours in a workday, as employees of

2   DEFENDANTS.  Further, at all times relevant hereto, Plaintiff and the members of the Class

3   have been paid on an hourly basis.

4        58.     At all times relevant hereto, DEFENDANTS failed to pay the Plaintiff and the

5   other members of the Class overtime compensation for the hours they have worked in excess

6   of the maximum hours permissible by law as required by California Labor Code § 510 and

7   1198.  Plaintiffs and the other members of the Class are regularly required to work overtime

8   hours.

9        59.     By virtue of DEFENDANTS' unlawful failure to pay additional, premium rate

10   compensation to the Plaintiffs and the other members of the Class for their overtime hours

11   worked, the Plaintiffs and the other members of the Class have suffered, and will continue to

12   suffer, damages in amounts which are presently unknown to them but which exceed the

13   jurisdictional minimum of this Court and which will be ascertained according to proof at trial.

14        60.     By failing to keep adequate time records required by Labor Code § 1174(d),

15   DEFENDANTS have made it difficult to calculate the full extent of overtime compensation

16   due Plaintiffs and the Class Members.

17        61.     California Labor Code section 204 requires employers to provide employees

18   with all wages due and payable twice a month.  Throughout the statute of limitations period

19   applicable to this cause of action, Plaintiff and the Class members were entitled to be paid

20   twice a month at rates required by law, including overtime wages.  However, during all such

21   times, DEFENDANTS systematically failed and refused to pay Plaintiff and the Class

22   members all such wages due, and failed to pay those wages twice a month.

23        62.     Plaintiff and the other members of the Class also request recovery of overtime

24   compensation according to proof, interest, attorneys' fees and costs pursuant to California

25   Labor Code §§ 218.5 and 1194(a), as well as the assessment of any statutory penalties against

26   DEFENDANTS, in a sum as provided by the California Labor Code and/or other statutes.

27   Further, Plaintiff and the other members of the Class, are entitled to seek and recover

28

Page 14
COMPLAINT

1  reasonable attorneys' fees and costs pursuant to California Labor Code §§ 218.5 and 1194.

2  ### FIFTH CAUSE OF ACTION

3  **(Against all Defendants for Failure to Pay All Wages Due to Discharged or Terminated**
   **Employees)**

4  **[Cal. Lab. Code §§ 201 – 204; and IWC Wage Order No. 5-2001]**

5       63.    Plaintiff incorporates by reference and re-alleges as if fully stated herein the

6  material allegations set out in this Complaint.

7       64.    At all times herein set forth, California Labor Code §§ 201 and 202 provide that

8  if an employer discharges an employee, the wages earned and unpaid at the time of discharge

9  are due and payable immediately, and that if an employee voluntarily leaves his or her

10 employment, his or her wages shall become due and payable not later than seventy-two (72)

11 hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his

12 or her intention to quit, in which case the employee is entitled to his or her wages at the time of

13 quitting.

14      65.    Within the applicable statute of limitations, the employment of Plaintiff and

15 many other members of the Class ended, i.e. was terminated by quitting or discharge, and the

16 employment of others will be.  However, during the relevant time period, DEFENDANTS

17 failed, and continue to fail to pay Plaintiffs and terminated Class members, without abatement,

18 all wages required to be paid by California Labor Code sections 201 and 202 either at the time

19 of discharge, or within seventy-two (72) hours of their leaving DEFENDANTS' employ.

20      66.    DEFENDANTS' failure to pay Plaintiff and those Class members who are no

21 longer employed by DEFENDANTS their wages earned and unpaid at the time of discharge, or

22 within seventy-two (72) hours of their leaving DEFENDANTS' employ, is in violation of

23 California Labor Code §§ 201 and 202.

24      67.    California Labor Code § 203 provides that if an employer willfully fails to pay

25 wages owed, in accordance with sections 201 and 202, then the wages of the employee shall

26 continue as a penalty wage from the due date, and at the same rate until paid or until an action

27 is commenced; but the wages shall not continue for more than thirty (30) days.  Plaintiff and

28 the Class members are entitled to recover from DEFENDANTS their additionally accruing

EXHIBIT A - PAGE 30

1    wages for each day they were not paid, at their regular hourly rate of pay, up to 30 days

2    maximum pursuant to California Labor Code § 203.

3                          **SIXTH CAUSE OF ACTION**
4    **(Against all Defendants for Failure to Provide Accurate Statements and Maintain
                                    Required Records)**
5            **[Cal. Lab. Code § 226 and IWC Wage Order No. 5-2001]**

6        68.    Plaintiff incorporates by reference and re-alleges as if fully stated herein the

7    material allegations set out in this Complaint.

8        69.    At all material times set forth herein, California Labor Code § 226(a) provides

9    that every employer shall furnish each of his or her employees an accurate itemized wage

10   statement in writing showing nine pieces of information, including: (1) gross wages earned, (2)

11   total hours worked by the employee, (3) the number of piece-rate units earned and any

12   applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided

13   that all deductions made on written orders of the employee may be aggregated and shown as

14   one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is

15   paid, (7) the name of the employee and the last four digits of his or her social security number

16   or an employee identification number other than a social security number, (8) the name and

17   address of the legal entity that is the employer, and (9) all applicable hourly rates in effect

18   during the pay period and the corresponding number of hours worked at each hourly rate by the

19   employee.

20       70.    DEFENDANTS have intentionally and willfully failed to provide employees

21   with complete and accurate wage statements.  The deficiencies include, among other things,

22   the failure to correctly identify the gross wages earned by Plaintiffs and the members of the

23   Class, the failure to list the true "total hours worked by the employee," the failure to list the

24   true net wages earned, and the failure to list the name and address of the legal entity(s) that

25   employ Plaintiffs and the Class.

26       71.    As a result of DEFENDANTS' violation of California Labor Code § 226(a),

27   Plaintiff and the members of the Class have suffered injury and damage to their statutorily-

28   protected rights.

<div align="center">

Page 16

COMPLAINT

</div>

72.    Specifically, Plaintiff and the members of the Class have been injured by DEFENDANTS' intentional violation of California Labor Code § 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate, itemized wage statements under California Labor Code § 226(a).

73.    Calculation of the true wage entitlement for Plaintiff and the Class is difficult and time consuming. As a result of this unlawful burden, Plaintiff and the Class were also injured as a result of having to bring this action to attempt to obtain correct wage information following DEFENDANTS' refusal to comply with many of the mandates of California's Labor Code and related laws and regulations.

74.    Plaintiff and Class members are entitled to recover from DEFENDANTS the greater of their actual damages caused by DEFENDANTS' failure to comply with California Labor Code § 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

75.    Plaintiff and the members of the Class are also entitled to injunctive relief to ensure compliance with this section, pursuant to California Labor Code § 226(g).

### SEVENTH CAUSE OF ACTION
(Against all Defendants for Violation of California Business & Professions Code §§ 17200, et seq.)

76.    Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations and Causes of Action set out in this Complaint.

77.    DEFENDANTS, and each of them, are "persons" as defined under Business & Professions Code § 17201.

78.    DEFENDANTS' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff, other Class members, and to the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

79.    DEFENDANTS' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business &

1  Professions Code § 17200, et seq.

2    80.   A violation of California Business & Professions Code §§ 17200, et seq. may be

3  predicated on the violation of any state or federal law.  All of the acts described herein as

4  violations of, among other things, the California Labor Code, are unlawful and in violation of

5  public policy; and in addition are immoral, unethical, oppressive, fraudulent and unscrupulous,

6  and thereby constitute unfair, unlawful and/or fraudulent business practices in violation of

7  California Business and Professions Code §§ 17200, et seq.

8    **Failing to Pay Minimum and Straight Time Wages**

9    81.   DEFENDANTS' failure to pay minimum and straight time wages constitutes

10  unlawful and/or unfair activity prohibited by Business and Professions Code §§ 17200, et seq.

11    **Failing to Pay Overtime**

12    82.   DEFENDANTS' failure to pay overtime compensation and other benefits in

13  violation of Cal. Labor Code §§ 510, 1197, 1198, Penal Code §§ 484 and 532 (obtaining labor

14  through false pretenses), constitutes unlawful and/or unfair activity prohibited by Business and

15  Professions Code § 17200, et seq.

16    **Failing to Provide Accurate Statements and Maintain Required Records**

17    83.   DEFENDANTS' failure to provide accurate itemized wage statements in

18  accordance with Labor Code § 226, as alleged above, constitutes unlawful and/or unfair

19  activity prohibited by Business and Professions Code §§ 17200, et seq. .

20    84.   By and through their unfair, unlawful and/or fraudulent business practices

21  described herein, the DEFENDANTS, have obtained valuable property, money and services

22  from Plaintiff, and all persons similarly situated, and have deprived Plaintiff, and all persons

23  similarly situated, of valuable rights and benefits guaranteed by law, all to their detriment.

24    85.   Plaintiff and the other Class members suffered monetary injury as a direct result

25  of DEFENDANTS' wrongful conduct.

26    86.   The Plaintiff, individually, and on behalf of members of the putative Class, is

27  entitled to, and does, seek such relief as may be necessary to disgorge money and/or property

28

1  which the DEFENDANTS have wrongfully acquired, or of which Plaintiffs have been

2  deprived, by means of the above-described unfair, unlawful and/or fraudulent business

3  practices. Plaintiff and the members of the putative Class are not obligated to establish

4  individual knowledge of the wrongful practices of DEFENDANTS in order to recover

5  restitution.

6      87.    The Plaintiff, individually, and on behalf of members of the putative class, is

7  further entitled to and does seek a declaration that the above described business practices are

8  unfair, unlawful and/or fraudulent, and injunctive relief restraining the DEFENDANTS, and

9  each of them, from engaging in any of the above-described unfair, unlawful and/or fraudulent

10  business practices in the future.

11      88.    The Plaintiff, individually, and on behalf of members of the putative class, has

12  no plain, speedy, and/or adequate remedy at law to redress the injuries, which the Class

13  members suffered as a consequence of the DEFENDANTS' unfair, unlawful and/or fraudulent

14  business practices. As a result of the unfair, unlawful and/or fraudulent business practices

15  described above, the Plaintiff, individually, and on behalf of members of the putative Class,

16  has suffered and will continue to suffer irreparable harm unless the DEFENDANTS, and each

17  of them, are restrained from continuing to engage in said unfair, unlawful and/or fraudulent

18  business practices.

19      89.    The Plaintiff also alleges that if DEFENDANTS are not enjoined from the

20  conduct set forth herein above, they will continue to avoid paying the appropriate taxes,

21  insurance and other withholdings.

22      90.    Pursuant to California Business & Professions Code §§ 17200, et seq., Plaintiff

23  and the putative Class members are entitled to restitution of the wages withheld and retained

24  by DEFENDANTS during a period that commences four years prior to the filing of this

25  complaint; a permanent injunction requiring DEFENDANTS to pay all outstanding wages due

26  to Plaintiff and the Class members; an award of attorneys' fees pursuant to California Code of

27  Civil Procedure § 1021.5 and other applicable laws; and an award of costs.

28

## EIGHTH CAUSE OF ACTION

**(Representative Action Against all Defendants pursuant to the Private Attorneys General Act, Cal. Lab. Code §§ 2698, et seq.)**

91.    Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations and Causes of Action set out in this Complaint.Labor Code § 2699(a) specifically provides for a private right of action to recover penalties for violations of the Labor Code: "Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current and former employees."

92.    This action is appropriately suited for a Representative Action because:

A.    The individuals that Plaintiffs seek to represent are a significant number. Joinder of all current and former employees individually would be impractical.

B.    This action involves common questions of law and fact to the potential representative group because the action focuses on the DEFENDANTS' systematic course of illegal payroll practices and policies, which was applied to all hourly employees in violation of the California Labor Code, and the California Business and Professions Code which prohibits unfair business practices arising from such violations.

C.    The claims of the Plaintiff are typical of the representative group because DEFENDANTS subjected all of their hourly employees to the identical violations of the California Labor Code and California Business and Professions Code.

D.    The Plaintiff is able to fairly and adequately protect the interests of all members of the representative group because it is in the Plaintiff's best interest to prosecute the claims alleged herein to collect civil penalties due to Plaintiff arising from DEFENDANTS' illegal wage and hour violations.

93.    Plaintiff has complied with the requirements set forth in California Labor Code §2699.3.

Page 20

COMPLAINT

94.   Pursuant to California Labor Code §§ 2698-2699.5, the Class is entitled to collect civil penalties from DEFENDANTS in a representative action for the California Labor Code violations set forth above.

### PRAYER FOR RELIEF

Plaintiff, individually, and on behalf of all others similarly situated, pray for relief and judgment against DEFENDANTS, jointly and severally, as follows:

<u>Class Certification</u>

- That this action be certified as a class action;
- That Plaintiff be appointed as the representative of the Class; and
- That counsel for Plaintiff be appointed as Class Counsel.

<u>As to the First Cause of Action</u>

- That the Court declare, adjudge and decree that DEFENDANTS violated Labor Code §§ 226.7 and 512, and the IWC Wage Orders;
- For general unpaid wages and such general and special damages as may be appropriate;
- For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;
- For reasonable attorneys' fees and for costs of suit incurred herein; and
- For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Second Cause of Action</u>

- That the Court declare, adjudge and decree that DEFENDANTS violated Labor Code § 226.7 and the IWC Wage Orders;
- For general unpaid wages and such general and special damages as may be appropriate;
- For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;
- For reasonable attorneys' fees and for costs of suit incurred herein; and

**COMPLAINT**

1   • For such other and further relief as the Court may deem equitable and appropriate

2                    <u>As to the Third Cause of Action</u>

3   • That the Court declare, adjudge and decree that DEFENDANTS violated Labor
4     Code § 204 and 1194;

5   • For general unpaid wages and such general and special damages as may be
6     appropriate;

7   • For pre-judgment interest on any unpaid compensation commencing from the date
8     such amounts were due;

9   • For liquidated damages;

10  • For reasonable attorneys' fees and for costs of suit incurred herein; and

11  • For such other and further relief as the Court may deem equitable and appropriate.

12                   <u>As to the Fourth Cause of Action</u>

13  • That the Court declare, adjudge and decree that DEFENDANTS violated California
14    Labor Code §§ 510 and 1198 and applicable IWC Wage Orders by willfully failing
15    to pay all overtime wages due to Plaintiff and Class members;

16  • For general unpaid wages at overtime wage rates and such general and special
17    damages as may be appropriate;

18  • For pre-judgment interest on any unpaid overtime compensation commencing from
19    the date such amounts were due;

20  • For reasonable attorneys' fees and for costs of suit incurred herein pursuant to
21    California Labor Code § 1194(a); and,

22  • For such other and further relief as the Court may deem equitable and appropriate.

23                   <u>As to the Fifth Cause of Action</u>

24  • That the Court declare, adjudge and decree that DEFENDANTS violated California
25    Labor Code §§ 201, 202, and 203 by willfully failing to pay all compensation owed
26    at the time of termination of the employment of Plaintiff and other terminated class
27    members;

28

<div align="center">Page 22</div>
<div align="center">COMPLAINT</div>

1  • For all actual, consequential and incidental losses and damages, according to proof;

2  • For statutory wage penalties pursuant to California Labor Code § 203 for Plaintiff

3     and all other class members who have left DEFENDANTS' employ;

4  • For pre-judgment interest on any unpaid wages from the date such amounts were

5     due;

6  • For reasonable attorneys' fees and for costs of suit incurred herein; and

7  • For such other and further relief as the Court may deem equitable and appropriate.

8                    As to the Sixth Cause of Action

9  • That the Court declare, adjudge and decree that DEFENDANTS violated the record

10    keeping provisions of California Labor Code § 226(a) and applicable IWC Wage

11    Orders as to Plaintiff and class members, and willfully failed to provide accurate

12    itemized wage statements thereto;

13 • For all actual, consequential and incidental losses and damages, according to proof;

14 • For statutory penalties pursuant to California Labor Code § 226(e);

15 • For injunctive relief to ensure compliance with this section, pursuant to California

16    Labor Code § 226(g);

17 • For reasonable attorneys' fees and for costs of suit incurred herein; and

18 • For such other and further relief as the Court may deem equitable and appropriate.

19                   As to the Seventh Cause of Action

20 • That the Court declare, adjudge and decree that DEFENDANTS violated California

21    Business and Professions Code §§ 17200, et seq. by failing to provide Plaintiff and

22    class members with meal periods, failing to authorize and permit required rest

23    periods, failing to provide all compensation due to them, failing to provide accurate

24    itemized wage statements, and failing to pay Plaintiff's and class members' wages

25    timely as required by California Labor Code §§ 201, 202 and 203;

26 • For restitution of unpaid wages to Plaintiff and all class members and prejudgment

27    interest from the day such amounts were due and payable;

28

Page 23
COMMPLAINT

1  • For the appointment of a receiver to receive, manage and distribute any and all
2     funds disgorged from DEFENDANTS and determined to have been wrongfully
3     acquired by DEFENDANTS as a result of violations of California Business &
4     Professions Code §§ 17200 et seq.;
5  • For reasonable attorneys' fees and costs of suit incurred herein pursuant to
6     California Code of Civil Procedure § 1021.5;
7  • For injunctive relief to ensure compliance with this section, pursuant to California
8     Business & Professions Code § 17200, et seq.; and,
9  • For such other and further relief as the Court may deem equitable and appropriate.

10                              As to all Causes of Action

11 • For any additional relief that the Court deems just and proper.

13 Dated: August 4, 2017                         Respectfully submitted,

14                                 RASTEGAR LAW GROUP, APC

15                         By:

16                             Farzad Rastegar
17                             Attorneys for Plaintiff Brenda Arguelles
                                and all other similarly situated employees of
18                             Defendants.

COMPLAINT

## DEMAND FOR JURY TRIAL

PLAINTIFF hereby demands a jury trial with respect to all issues triable of right by jury.

DATED: August 4, 2017                    Respectfully submitted,

                                         RASTEGAR LAW GROUP, A.P.C.

                        By:

                                         Farzad Rastegar
                                         Attorneys for Plaintiff Brenda Arguelles
                                         and all other similarly situated employees of
                                         Defendants

EXHIBIT A - PAGE 40

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Farzad Rastegar (SBN 155555)<br>RASTEGAR LAW GROUP, APC<br>22760 Hawthorne Blvd., Suite 200<br>Torrance, California 90505<br>TELEPHONE NO: (310) 961-9600   FAX NO: (310) 961-9094<br>ATTORNEY FOR *(Name):* Plaintiff, BRENDA ARGUELLES | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**08/08/2017** at 12:08:34 PM<br>Clerk of the Superior Court<br>By Laura Melies, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: 330 West Broadway
CITY AND ZIP CODE: San Diego, California 92101
BRANCH NAME: Central

CASE NAME:
Brenda Arguelle v. Hospitality Staffing Solutions, LLC

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 37-2017-00029158-CU-OE-CTL |
| | | | | JUDGE: Judge Richard E. L. Strauss |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1.** Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Mass tort (40) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Product liability (24) | **Real Property** | ☐ Insurance coverage claims arising from the |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | above listed provisionally complex case |
| ☐ Other PI/PD/WD (23) | condemnation (14) | types (41) |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition *(not specified above)* (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☑ Other employment (15) | ☐ Other judicial review (39) | |

**2.** This case  ☐ is  ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:

   a. ☐ Large number of separately represented parties    d. ☑ Large number of witnesses

   b. ☑ Extensive motion practice raising difficult or novel    e. ☐ Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve         in other counties, states, or countries, or in a federal court

   c. ☑ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive

**4.** Number of causes of action *(specify):* Eight (8)

**5.** This case ☑ is ☐ is not  a class action suit.

**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 08/07/2017

Farzad Rastegar
_____
(TYPE OR PRINT NAME)              ►      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

EXHIBIT A - PAGE 41

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
  Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment (*non-domestic relations*)
  Sister State Judgment
  Administrative Agency Award (*not unpaid taxes*)
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-harassment*)
  Mechanics Lien
  Other Commercial Complaint Case (non-tort/non-complex)
  Other Civil Complaint (non-tort/non-complex)
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]                    **CIVIL CASE COVER SHEET**                    Page 2 of 2

EXHIBIT A - PAGE 42

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS:     330 W Broadway
MAILING ADDRESS:    330 W Broadway
CITY AND ZIP CODE:  San Diego, CA 92101-3827
BRANCH NAME:        Central
TELEPHONE NUMBER:   (619) 450-7075

PLAINTIFF(S) / PETITIONER(S):    Brenda Arguelles

DEFENDANT(S) / RESPONDENT(S):    Hospitality Staffing Solutions LLC

BRENDA ARGUELLES VS. HOSPITALITY STAFFING SOLUTIONS LLC [E-FILE]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE on MANDATORY eFILE CASE | CASE NUMBER: 37-2017-00029158-CU-OE-CTL |
|---|---|

## CASE ASSIGNMENT

Judge:  Richard E. L. Strauss                    Department: C-75

### COMPLAINT/PETITION FILED: 08/08/2017

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 05/18/2018 | 10:30 am | C-75 | Richard E. L. Strauss |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS:  The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time.  General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS:  Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE:  Defendant must generally appear within 30 days of service of the complaint.  (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES:  In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

MANDATORY eFILE: Case assigned to mandatory eFile program per CRC 3.400-3.403 and SDSC Rule 2.4.11. All documents must be eFiled at www.onelegal.com.  Refer to General Order in re procedures regarding electronically imaged court records, electronic filing, and access to electronic court records in civil and probate cases or guidelines and procedures.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See policy regarding normal availability and unavailability of official court reporters at www.sdcourt.ca.gov.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

EXHIBIT A - PAGE 43



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2017-00029158-CU-OE-CTL        CASE TITLE: Brenda Arguelles vs. Hospitality Staffing Solutions LLC [I

NOTICE: All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *and*
(3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

**Potential Advantages and Disadvantages of ADR**
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

**Potential Advantages**
- Saves time
- Saves money
- Gives parties more control over the dispute resolution process and outcome
- Preserves or improves relationships

**Potential Disadvantages**
- May take more time and money if ADR does not resolve the dispute
- Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable

**Most Common Types of ADR**
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

EXHIBIT A - PAGE 44

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at www.courtinfo.ca.gov/selfhelp/lowcost.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS: 330 West Broadway<br>CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827<br>BRANCH NAME: Central | |

| PLAINTIFF(S): Brenda Arguelles |
|---|
| DEFENDANT(S): Hospitality Staffing Solutions LLC |
| SHORT TITLE: BRENDA ARGUELLES VS. HOSPITALITY STAFFING SOLUTIONS LLC (E-FILE) |

| STIPULATION TO USE ALTERNATIVE<br>DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br>37-2017-00029158-CU-OE-CTL |
|---|---|

Judge: Richard E. L. Strauss                                          Department: C-75

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                        ☐ Non-binding private arbitration

☐ Mediation (private)                                ☐ Binding private arbitration

☐ Voluntary settlement conference (private)          ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                       ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____          Date: _____


Name of Plaintiff                                 Name of Defendant


Signature                                         Signature


Name of Plaintiff's Attorney                      Name of Defendant's Attorney


Signature                                         Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

IT IS SO ORDERED.

Dated: 08/09/2017                                 _____
                                                  JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)          **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**          Page: 1

EXHIBIT A - PAGE 46